IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JAMES WILLIAM DAVIS                                          PLAINTIFF

     v.                              CIVIL NO. 22-5201

KILOLO KIJAKAZI, Acting Commissioner
Social Security Administration                              DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, James William Davis, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Title II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

I.      **Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on February 5, 2020, alleging an inability to work since November 5, 2019, due to neck problems, left ankle problems and wrist problems. (Tr. 52, 172, 179). An administrative telephonic hearing was held on May 4, 2021, at which Plaintiff appeared with counsel and testified. (Tr. 27-47).

1

By written decision dated September 17, 2021, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 13). Specifically, the ALJ found Plaintiff had the following severe impairments: residuals of multiple fractures and osteoarthritis. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant could never climb ladders, ropes, or scaffolds. The claimant could occasionally climb ramps or stairs, balance, stoop, kneel, crouch, and crawl.

(Tr. 14). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a document preparer, an addresser and an order clerk. (Tr. 20).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on July 28, 2022. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 2). Both parties have filed appeal briefs, and the case is before the undersigned for report and recommendation. (ECF Nos. 17, 21).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

## II.    Applicable Law:

The Court reviews "the ALJ's decision to deny disability insurance benefits *de novo* to ensure that there was no legal error that the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin,* 825 F. 3d 936, 939 (8th Cir. 2016). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154

(2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final

stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. *Id*.

## III.   Discussion:

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. (ECF No. 17). Plaintiff raises the following issues on appeal: A) The ALJ erred in failing to fully and fairly develop the record; B) The ALJ erred at Step Two of the sequential analysis; C) the ALJ erred in assessing the credibility of Plaintiff's subjective complaints; and D) The ALJ erred in determining Plaintiff's RFC. *Id.* The Court will consider each of these arguments.

### A.   Duty to Develop the Record:

The ALJ has the duty to fully and fairly develop the record, even where the Plaintiff is represented by counsel. If a physician's report of a claimant's limitations is stated only generally, the ALJ should ask the physician to clarify and explain the stated limitations. *See Vaughn v. Heckler*, 741 F. 2d 177, 179 (8th Cir. 1984). Furthermore, the ALJ is required to order medical examinations and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). The ALJ must develop the record until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled. *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974). In addition, a claimant must show not only that the ALJ failed to fully and fairly develop the record, but he must also show that he was prejudiced or treated unfairly by the ALJ's failure. *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

4

Plaintiff claims that the ALJ erred by failing to fully and fairly develop the medical record regarding Plaintiff's alleged impairments and should have required additional consultative evaluations. (ECF No. 17, pp. 2-6). Defendant argues substantial evidence shows the ALJ met his duty to fully and fairly develop the record. (ECF. 21, pp. 1-3).

Initially, the Court notes Plaintiff has failed to establish that the medical records presented did not provide sufficient medical evidence to determine the nature and extent of his limitations and impairments. *See Barrett v. Shalala,* 38 F.3d 1019 at 1023. While the ALJ has an independent duty to develop the record in a social security disability hearing, the ALJ is not required "to seek additional clarifying statements from a treating physician unless a crucial issue is undeveloped." *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004).

Likewise, the ALJ is not required to order a consultative evaluation of every alleged impairment; he simply has the authority to do so if the existing medical sources do not contain sufficient evidence to make an informed decision. *See Matthews v. Bowen*, 879 F.2d 422, 424 (8th Cir. 1989). Thus, the proper inquiry for this Court is not whether a consultative examination should have been ordered; rather, it is whether the record contained sufficient evidence for the ALJ to make an informed decision. *See Id*. After reviewing the entire administrative record, the Court finds nothing which establishes the record was inadequate for the ALJ to make his decision. With respect to Plaintiff's ability to manipulate, the medical record revealed Plaintiff reported occasional catching in both thumbs and some stiffness in his fingers to Dr. Matthew Coker in May of 2021. (Tr. 652). Upon examination, Dr. Coker noted some tenderness and a small nodule felt upon palpation and recommended range of motion exercises and the use of Voltaren cream. (Tr. 653-654). Dr. Coker placed no limitations on Plaintiff's ability to use his upper extremities. After reviewing the record, the Court finds the medical evidence to include treating physician records,

non-examining medical consultant opinions, physical therapy records, diagnostic evaluations, and objective testing provided an adequate record for the ALJ's decision.

Further, Plaintiff must not only show the ALJ failed to fully and fairly develop the record, but that he was prejudiced or treated unfairly by the ALJ's alleged failure to develop the record. Plaintiff has not set forth any evidence showing had the ALJ required additional consultative examinations, the ALJ would have arrived at a different decision. Accordingly, Plaintiff has failed to demonstrate that the record was not fully developed and that he was prejudiced by any perceived failure to develop the record.

**B.     Step Two Analysis:**

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen*, 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "slight abnormalities that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert*, 482 U.S. 137, 155 (1987) (O'Connor, S., concurring); *see also Brown v. Bowen*, 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*); *see also Kirby v. Astrue*, 500 F.3d 705, 707-09 (8th Cir. 2007).

The ALJ determined Plaintiff's severe impairments included residuals of multiple fractures and osteoarthritis. (Tr. 13). Plaintiff argues that the ALJ's generic severe impairment finding of "multiple fractures" makes it hard to determine if Plaintiff's pelvis/hip fracture was appropriately considered.

In the hearing decision, the ALJ expressly included Plaintiff's pelvic ring fracture and resulting treatment. (Tr. 15, 17). The ALJ also clearly stated he considered all of Plaintiff's

medically determinable impairments, both singly and in combination, including those determined non-severe, when he assessed Plaintiff's RFC. (Tr. 13). A review of the medical record revealed Plaintiff sustained multiple injuries, including a pelvic ring fracture, from a dirt bike accident in January of 2020. (Tr. 357, 359). On February 13, 2020, Dr. Coker noted Plaintiff had some pelvic fractures and could be weightbearing as tolerated with respect to the pelvic fracture, but that Plaintiff could only be toe-touch weightbearing on his left lower extremity due to a left tibia fracture. (Tr. 440). X-rays of the pelvis on February 27, 2020, showed continued good alignment. (Tr. 434). By April 9, 2020, Dr. Coker no longer included Plaintiff's pelvic fracture in the assessment and plan for continued treatment and care. (Tr. 484). After reviewing the record as a whole, the Court finds the ALJ did not commit reversible error in setting forth Plaintiff's severe impairments during the relevant time period.

### C.    Subjective Allegations:

Plaintiff claims the ALJ erred in evaluating his subjective allegations of disability. (ECF No. 17, pp. 9-10). In assessing the subjective allegations of a claimant, the ALJ is required to examined and to apply the five factors from *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C. F. R. §416.929. *See Shultz v. Astrue*, 479 F.3d 979, 983 (8th Cir. 2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski*, 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective allegations of pain. *See Id*. The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective

allegations. *See Lowe v. Apfel*, 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the claimant's subjective allegations are not entirely valid, the ALJ's determination is entitled to deference. *See Id.*; *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount a claimant's subjective allegations "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski*, 739 F.2d at 1322.

When discounting a claimant's allegation of pain, the ALJ must make a specific evaluation of a claimant's subjective allegations, articulating the reason for discrediting the testimony, addressing inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel*, 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a claimant disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a claimant experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ fully complied with *Polaski* in his evaluation of Plaintiff's subjective complaints. (Tr. 13-18). The ALJ's opinion outlines Plaintiff's subjective allegations and noted inconsistencies between those allegations and the record. *Id*. The ALJ also noted Plaintiff's daily activities and set forth the reasons for finding them not as limiting as described by Plaintiff. *Id*. Furthermore, the ALJ carefully summarized Plaintiff's medical records and noted how he was receiving treatment for his impairments that appeared to be effective. Based upon the Court's review, there is no basis for reversal on this issue. *See Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (recognizing an ALJ may discount a "claimant's subjective complaints… if there are inconsistencies in the record as a whole").

**D.      RFC Determination:**

In this matter, the ALJ determined Plaintiff retained the RFC to perform sedentary work with limitations. (Tr. 14). Plaintiff argues the ALJ erred in this RFC determination. (ECF No. 17, pp. 5-8). However, after review, the Court finds substantial evidence supporting the ALJ's RFC determination.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. *Id*. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace." *Cox v. Astrue,* 495 F.3d 614, 619 (8th Cir. 2007). However, there is no requirement that an RFC finding be supported by a specific medical opinion. *See Myers v. Colvin*, 721 F.3d 521, 526-27 (8th Cir. 2013) (affirming RFC without medical opinion evidence). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel*, 228 F.3d 860, 862 (8th Cir. 2000).

Based upon this standard and a review of Plaintiff's records and allegations in this case, the Court cannot find Plaintiff has demonstrated having any greater limitations than those found by the ALJ. While Plaintiff disagrees with the ALJ's reasoning when discussing the evidence, Plaintiff does not point to any evidence in the record that the ALJ should have considered, but failed to consider, in calculating Plaintiff's RFC. The ALJ provided a thorough summary of Plaintiff's medical records and subjective complaints in this matter. (Tr. 13-19). The ALJ addressed evidence that revealed Plaintiff was able to complete self-care and possessed functional mobility independently or with minimal assistance, was able to help a friend fix a truck, and was able to go fishing. (Tr. 18). The mere fact Plaintiff suffers from a number of impairments does not demonstrate he has more limitations than those found in the RFC assessment above. In his opinion, the ALJ considered Plaintiff's alleged impairments and discounted those he found were not credible. *Id.* The ALJ considered the results of objective diagnostic tests and examination findings and discussed these in the decision. *Id.* The ALJ also considered the findings of medical consultants and considered Plaintiff's testimony and function reports in assessing the RFC. *Id.*

Plaintiff has the burden of establishing his claimed RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant). Because Plaintiff has not met this burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

## IV.    Conclusion:

Based on the foregoing, the undersigned recommends affirming the ALJ's decision, and dismissing Plaintiff's case with prejudice. **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. §**

**636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 30th day of October 2023.


/s/ *Christy Comstock*

HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE